IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TREVOR D. STEWART, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, et al.,<br><br>　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-CV-209 TC |

　　　　The parties filed cross motions for summary judgment on three claims brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  The majority of the issues will be dealt with in a separate written order setting forth the court's ruling, which was announced at the hearing.  This order addresses the one discrete issue that was not resolved during the hearing.  Specifically, the court took under advisement the issue of whether the Defendants properly withheld "Document 20" (as designated in the Defendants' Vaughn Index) under FOIA Exemption 5 based on the deliberative and attorney-client privileges.  The court, having reviewed the document *in camera*, now rules that the Defendants must disclose Document 20 in redacted form, that is, with redactions of all attorney-client privileged information identified in the Defendants' briefs and the Vaughn Index.

　　　　Defendants call Document 20 a "Note to Lynn Scarlett, Assistant Secretary, Policy, Management & Budget, from Karl Hess, contractor to PMB, dated August 30, 2002. (4 pages)."

(Vaughn Index, attached to Defs.' Mem. Supp. Mot. Summ. J.)  They assert both the deliberative process privilege and the attorney-client privilege in support of their decision to withhold the document, which would otherwise be responsive to the Plaintiffs' FOIA request.

In the Vaughn Index, the Defendants describe Document 20 as:

> the contractor's interpretation of a recent opinion by the Department's senior legal advisor and addresses several issues arising from the opinion and related to permit retirement.  The document also contains a list of comments that the Department's senior legal official provided for the development of grazing options papers – the comments are withheld under the attorney-client privilege; identifies whether or not the contractor incorporated the comments; and if the comments were not incorporated, describes the contractor's reasons for not doing so.

(Id.)  The court has reviewed the unredacted document.  In short, the document is a mix of comments and analysis by Mr. Hess and excerpts from a legal opinion issued by the Department of Interior Solicitor William Myers.  At the time Mr. Hess obtained the Solicitor's opinion and wrote the Note, he was an agency contractor, hired to consult on the topic of grazing permit retirement.

Normally, a document from an agency contractor to the agency is an intra-agency document that may be withheld under FOIA Exemption 5 if it would be protected by, for example, the deliberative process privilege or the attorney-client privilege. 5 U.S.C. § 552(b)(5); Department of the Interior v. Klamath Water Users, 532 U.S. 1, 9-11 (2001) (noting concept of "consultant corollary," which says that outside consultant's documents prepared for government agency are intra-agency when they play "essentially the same part in an agency's process of deliberation as documents prepared by agency personnel might have done.").  But a deliberative intra-agency document may nevertheless may be disclosed if the contractor is not independent.  Klamath Water Users, 532 U.S. at10-11, 12 n.4 ("the intra-agency condition excludes, at the

least, communications to or from an interested party seeking a Government benefit at the expense of other applicants."). That is what the court held at the hearing on the parties' cross-motions. The court found that Mr. Hess is not sufficiently independent and, consequently, the Defendants were ordered to disclose other previously withheld documents drafted by him. Here, the portions drafted by Mr. Hess in Document 20 should be disclosed for the same reason. But the analysis is different for the information the Defendants assert is protected by the attorney-client privilege.

It is clear to the court that the statements made by the Solicitor and incorporated into Mr. Hess' document are protected by Exemption 5 (they come from an intra-agency document that is protected by attorney-client privilege). And disclosing the Solicitor's opinion to Mr. Hess did not waive that privilege. Although it is true that the privilege is waived if the client discloses the privileged communication to a third party, see United States v. Ryans, 903 F.2d 731, 741 n.13 (10th Cir. 1990), Mr. Hess was acting as an agent of BLM and so he is not considered a third-party for purposes of this analysis. Rather, he was acting in the role of an employee on the very issue for which the BLM (the client) obtained legal advice. See Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs, 241 F. Supp. 2d 1342, 1361 (D.N.M. 2002) (holding that document prepared by BIA consultant that "reflect[ed] legal advice" of BIA's attorney was protected by the attorney work product privilege under Exemption 5).

In Citizens, the court held that the entire document should be withheld because the privileged sections could not be segregated from the remainder of the document. Id. at 1359, 1361. The Citizens court cited to 5 U.S.C. § 552(b), which provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." Here, it appears that the

Solicitor's comments can be segregated from the remainder of Mr. Hess' note.  (See Vaughn Index ("The redacted portions of [Document 20] are withheld under the attorney-client privilege of Exemption 5 because their release would reveal the substance of confidential communications between an attorney and client.") (emphasis added).)  Accordingly, the court directs the Defendants to disclose Document 20, in its redacted form, to Plaintiffs.

SO ORDERED this 4th day of June, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge